BRYAN T. DAKE
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North
Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
E-mail: bryan.dake@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 25-44-GF-BMM |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| EMMETT ALFRED BUCKLES, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Bryan T. Dake, Assistant United States Attorney for the District of Montana, and the defendant, Emmett Alfred Buckles, and the defendant's attorneys, Paul Gallardo and Eric Monroe, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's


AUSA   DEF   ATTY

Page 1

Office for the District of Montana and defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.      **Charges:** Defendant agrees to plead guilty to counts 1 and 3 of the indictment.

Counts 1 and 3 each charge sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153 and 2243(a). Each offense carries a maximum punishment of 15 years of imprisonment, a $250,000 fine, not less than five years of supervised release, and a $100 special assessment. Restitution is mandatory.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts 2 and 4 of the indictment. Additionally, in exchange for the defendant's guilty plea, the United States agrees not charge the defendant with any other conduct known to the United States at the time this plea agreement is signed by the parties.

3.      **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss counts 2 and 4 of the indictment and does not charge the defendant with any other conduct known at the time this agreement is signed; and b) makes the



AUSA   DEF   ATTY

recommendations provided below.

This plea agreement will further be governed by Rule 11(c)(1)(C), Federal Rules of Criminal Procedure. The defendant and the United States agree that a specific sentence of not less than 12 months of imprisonment is appropriate in this case. The parties may argue for any sentence above 12 months of imprisonment but may not argue for a sentence below 12 months of imprisonment. The defendant understands that, if the agreement is accepted by the Court, the defendant will not have an automatic right to withdraw the guilty plea. Rule 11(d)(2)(A), Federal Rules of Criminal Procedure. If the Court rejects the agreement, pursuant to Rule 11(c)(5), Federal Rules of Criminal Procedure, the defendant will be able to withdraw the plea and the parties will proceed to trial.

*Agreement as to Restitution*: The defendant agrees to pay complete restitution. The defendant understands restitution in this case includes all losses caused by the defendant's criminal conduct and relevant conduct, including to both Jane Doe 1 and Jane Doe 2, even if such losses resulted from counts dismissed, crimes not charged, or crimes not admitted by the defendant in the factual basis supporting his plea. 18 U.S.C. § 3663A(a)(3).

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charges as stated in counts 1 and 3 of the indictment. In pleading guilty to count 1, the defendant acknowledges that:



AUSA   DEF   ATTY

- First, the defendant knowingly engaged in a sexual act with Jane Doe 1;

- Second, at the time, Jane Doe 1 had reached the age of 12 years but had not yet reached the age of 16 years;

- Third, at the time, the Jane Doe 1 was at least four years younger than the defendant;

- Fourth, the defendant is an Indian Person; and

- Fifth, the offense was committed within the exterior boundaries of the Fort Peck Indian Reservation.

In pleading guilty to count 3, the defendant acknowledges that:

- First, the defendant knowingly engaged in a sexual act with Jane Doe 2;

- Second, at the time, Jane Doe 2 had reached the age of 12 years but had not yet reached the age of 16 years;

- Third, at the time, the Jane Doe 2 was at least four years younger than the defendant;

- Fourth, the defendant is an Indian Person; and

- Fifth, the offense was committed within the exterior boundaries of the Fort Peck Indian Reservation.

    5.    **Waiver of Rights by Plea:**

    (a)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent, and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.



AUSA   DEF   ATTY

Page 6

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all the rights set forth in the prior paragraph. The defendant's attorney has explained those rights to the defendant and the consequences of waiving them.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless he is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by these recommendations.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waivers:**

**(a) Waiver of Appeal of the Sentence – Conditional:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. The prosecution has a comparable right of appeal. 18 U.S.C. § 3742(b). By this agreement the defendant waives the right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the Guideline range calculated by the Court, regardless of whether the defendant agrees with that range. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel. The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the Guideline range calculated by the Court.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may

appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

**(b) FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10. **Sexual Offender Requirements and Agreement to Comply:** The defendant will obtain a sexual offender evaluation prior to sentencing. In exchange for the concessions made by the government, the defendant agrees to bear all costs of the evaluation required by this agreement. The defendant agrees that all results of evaluation will be released to the Court, United States Attorney's Office, and the United States Probation Office prior to sentencing. The defendant expressly and specifically waives any medical or other privacy right, privilege, or objection to such disclosure. The defendant will successfully complete any treatment


AUSA   DEF   ATTY

Page 9

recommended and will register, as required by law, as a sexual offender. With the exception of his own children, the defendant agrees to have no contact with minor children except when other adults are present. The defendant and the United States stipulate and agree that the terms outlined in this provision will be made a part of the judgment in this case if the Court accepts this agreement.

11. **Megan's Law/Adam Walsh Act Notice:** The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that registrations must be updated no later than three business days after any change of name, residence, employment, or student status. The defendant understands and acknowledges that, prior to any travel, information must be provided relating to intended travel outside of the United States. 42 U.S.C. § 16914. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or

both.

    **12.**    **Detention/Release After Plea:** The defendant acknowledges that the defendant will be detained pending the sentencing hearing. The defendant will not move or argue for release pending sentencing.

    **13.**    **Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

///

///

///

///

///

///

///

///

///

///

///

///



AUSA     DEF     ATTY

14. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

_____
BRYAN T. DAKE
Assistant U. S. Attorney

_____
EMMETT ALFRED BUCKLES
Defendant

_____
PAUL GALLARDO
ERIC MONROE
Defense Counsel